IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARY WHIPPERMAN and<br>BYRON WHIPPERMAN, w/h<br>          *Plaintiffs,*<br>vs.<br><br>ALLSTATE FIRE AND CASUALTY<br>INSURANCE COMPANY<br>          *Defendant.* | Civil Action No. |

**CIVIL ACTION COMPLAINT**

### I. PARTIES

1. Plaintiffs, Mary Whipperman and Byron Whipperman, w/h, are adult individuals and citizens of the Commonwealth of Pennsylvania residing therein at 4035 Brownton Road, Felton, PA 17322.

2. Defendant, Allstate Fire and Casualty Insurance Company (hereinafter "Defendant Allstate"), was and is now a business entity, believed to be a corporation, duly organized and existing under the laws of the State of Illinois and authorized to conduct business and issue policies of insurance in the Commonwealth of Pennsylvania, with its corporate headquarters and principal place of business located at 2775 Sanders Road, Northbrook, Illinois 60062. Defendant is a citizen of Illinois for purposes of diversity jurisdiction.

### II. JURISDICTION AND VENUE

3. Jurisdiction is conferred upon this Court by virtue of the parties' diversity of citizenship pursuant to 28 U.S.C. § 1332.

4. The amount in controversy in this action is in excess of seventy-five thousand ($75,000.00) dollars, exclusive of costs and fees.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because the policy giving rise to Plaintiffs' claims was issued in the District, because a substantial part of the events or omissions giving rise to the within claims occurred within the District and because Defendant regularly conducts business within the district.

### III. STATEMENT OF CLAIMS

6. At all times material herein, the Defendant acted by and through its agents, servants, employees, workmen and/or other representatives, who were, in turn, acting within the course and scope of their employment, agency and/or service for the same and under the direct control of the Defendant.

7. At all times material hereto, Plaintiff Mary Whipperman was insured by Defendant Allstate under a policy of automobile insurance which provided for underinsured motorist benefits, policy number 801 949 206. A copy of the Declaration Pages for policy number 801 949 206 covering the date of the accident at issue in this matter are attached as Exhibit "A" and incorporated by reference.

8. On or about October 27, 2021, while the aforementioned policy was in full force and effect, Plaintiff Mary Whipperman was the operator of a certain white 2019 Nissan Maxima motor vehicle, Pennsylvania license plate #LJX8279, which was lawfully parked on North Main Street in Red Lion Borough, York County, Pennsylvania, when, suddenly, and without warning, a certain 2006 Dodge Charger motor vehicle, owned by James Moore and operated by Kaiden Gillo-Moore, Pennsylvania license plate #LPT7360, which was traveling on North Main Street, struck Plaintiff's vehicle with such force so as to cause Plaintiff to sustain severe and permanent bodily injuries as described more fully hereinafter.

9. At the time of the aforementioned accident, the motor vehicle owned by James Moore and operated by Kaiden Gillo-Moore was insured under any policy of automobile insurance issued by Geico Insurance.

10. The aforementioned accident was caused solely by the negligence, carelessness, recklessness of James Moore and/or Kaiden Gillo-Moore and was not the result of the actions or inactions of Plaintiff Mary Whipperman.

11. By reason of the aforesaid negligence and carelessness of James Moore and/or Kaiden Gillo-Moore, Plaintiff Mary Whipperman suffered severe and permanent injuries, including, but not limited to: lumbar injuries with radiculopathy, upper and mid-back injuries, left shoulder injury, and bilateral hip injuries, as well as aches, pains, mental anxiety and anguish, and a severe shock to her entire nervous system.  Plaintiff has in the past and will in the future undergo severe pain and suffering as a result of which she has in the past and will in the future be unable to engage in his usual activities, all to her great loss and detriment.

12. As a further result of the accident, Plaintiff Mary Whipperman has or will be obliged to receive and undergo medical care and attention and to expend various sums of money and to incur various expenses for the injuries she suffered, and she may be obliged to continue to expend such sums or incur such expenditures for an indefinite period of time in the future.

13. As a further result of the accident, Plaintiff Mary Whipperman has or may suffer a severe loss of her earnings and/or earning power, and she may incur such loss for an indefinite period of time in the future.

14. As a direct and reasonable result of the accident aforementioned, Plaintiff Mary Whipperman may hereafter incur other financial expenses or losses which do or may exceed the amounts which she may otherwise be entitled to recover under and pursuant to the Pennsylvania

Motor Vehicle Financial Responsibility Law, 75 Pa. C. S. § 1701 et. seq. as amended, for which she claims damages herein.

15. Further, by reason of the aforesaid accident, Plaintiff Mary Whipperman has and/or may hereinafter incur other financial expenses all in an effort to treat and cure herself of the injuries sustained in the aforesaid accident.

16. As a further result of the accident, Plaintiff Mary Whipperman has or may have suffered injuries resulting in the permanent loss of use of a bodily function, dismemberment, and/or scarring, which may be in full or part cosmetic disfigurements which are or may be permanent, irreparable and severe.

17. As a further result of the accident, Plaintiff Byron Whipperman has suffered the loss of earnings, society, consortium, and services of his wife, to which he is legally entitled. Plaintiff has been or will be obliged to expend various sums of money and to incur various expenses for the treatment of the injuries his wife has suffered, and may be obliged to continue to expend such sum or incur such expenditures for an indefinite period of time.

18. Geico Insurance tendered the full amount of James Moore/Kaiden Gillo-Moore's policy limit as settlement of Plaintiffs' claims against Kaiden Gillo-Moore. As required by Defendant's policy, Plaintiffs requested consent from Defendant to settle the underlying matter with Allstate. A copy of the July 25, 2023 email from Defendant Allstate providing consent to settle is attached as Exhibit "B".

19. Notice of the aforesaid covered loss and Plaintiffs' intent to pursue underinsured motorist benefits was provided to the Defendant Allstate in a prompt and timely manner by Plaintiffs and, at all times relevant hereto, Plaintiffs fully complied with all of the terms and conditions required by the policy.

20. Plaintiffs demand underinsured motorist benefits in the amount of the Policy limits.

21. Defendant Allstate, despite Plaintiffs' February 14, 2023 demand for underinsured motorist benefits under the Policy and submission of Plaintiffs' medical specials – the same documentation which supported Geico Insurance's tender of the full limits of its policy, has refused, without legal justification or cause, and continues to refuse, to pay to the Plaintiffs monies owed for the injuries suffered as a result of the aforesaid loss. A copy of Plaintiffs' February 14, 2023 demand letter is attached as Exhibit "C".

22. As a result of the Defendant Allstate's failure and refusal to pay reasonable benefits to the Plaintiffs as required under the Policy, Plaintiffs have suffered losses and damages.

## COUNT I
## MARY WHIPPERMAN v. ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY
## BREACH OF CONTRACT

23. Plaintiff hereby incorporate by reference paragraphs one (1) through twenty-two (22) of the within Complaint, as though the same were fully set forth at length herein.

24. Defendant Allstate has failed to promptly offer payment of the reasonable and fair value of the claim for underinsured motorist benefits for bodily injury to Plaintiff.

25. Defendant has failed to reasonably investigate Plaintiff's claim such that a thorough and proper inquiry would have revealed that Plaintiff suffered serious and permanent injuries caused by the aforementioned accident described in this Complaint.

26. Defendant owes Plaintiff a fiduciary, contractual, and statutory obligation to investigate, evaluate and negotiate Plaintiff's underinsured motorist claim in good faith and to arrive at a prompt and fair and equitable settlement.

27. For the reasons set forth above, Defendant has violated its obligations under the policy of insurance.

28. Defendant owes Plaintiff the policy limit in underinsured motorist benefits for bodily injury pursuant to the terms of the insurance policy which is the subject of this case and known to Defendant.

29. Despite submission of reasonable proof and demand for full and complete payment with respect to Plaintiff's aforesaid loss, the Defendant has not paid to Plaintiff all of the policy benefits to which he is entitled under the policy.

30. Defendant's denial of coverage was made without a reasonable basis in fact.

31. Defendant's refusal to indemnify Plaintiff's loss constitutes a breach of the insurance contract.

WHEREFORE, Plaintiff, Mary Whipperman, demands judgment against Defendant, Allstate Fire and Casualty Insurance Company, in an amount not in excess of One Hundred Fifty Thousand Dollars ($150,000.00).

## COUNT II
### MARY WHIPPERMAN v. ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY
### BAD FAITH– 42 PA. C.S.A. §8371

32. Plaintiff hereby incorporate by reference paragraphs one (1) through thirty-one (31) of the within Complaint as though the same were fully set forth at length herein.

33. Defendant, Allstate, has engaged in bad faith toward the Plaintiff with respect to its adjustment of Plaintiff's aforesaid covered loss, in violation of 42 Pa. C.S.A. §8371, et seq.

34. In furtherance of its bad faith and wrongful refusal to pay the full policy limits for Plaintiff's covered loss, the Defendant, acting by and through its duly authorized agents, servants, workmen and/or employees, have engaged in the following conduct:

  (a) failing to evaluate Plaintiff's claim objectively and fairly;

  (b) failing to complete a prompt and thorough investigation of Plaintiff's claim;

(c) failing to pay Plaintiff's covered loss in a prompt and timely manner;

(d) conducting an unfair and unreasonable investigation of Plaintiff's claim;

(e) failing to reasonably and adequately evaluate or review the medical documentation in Defendant's possession;

(f) failing to keep the Plaintiff or his representatives fairly and adequately advised as to the status of the claim;

(g) unreasonably valuing the loss and failing to fairly negotiate the amount of the loss with Plaintiff or her representatives;

(h) failing to make a reasonable settlement offer to Plaintiff despite receipt of medical specials which supported tender of the full policy limit in Plaintiff's third-party claim against James Moore/Kaiden Gillo-Moore;

(i) unreasonably withholding policy benefits;

(j) acting unreasonably and unfairly in response to Plaintiff's claim; and

(k) unnecessarily and unreasonably compelling Plaintiff to initiate this lawsuit to obtain policy benefits for a covered loss that Defendant should have paid promptly and without the necessity of litigation.

35. For the reasons set forth above, the Defendant has acted in bad faith in violation of 42 Pa. C.S.A. §8371, for which the Defendant is liable for statutory damages including interest from the date the claim was made in an amount equal to the prime rate of interest plus three percent, court costs, attorneys' fees, punitive damages and such other compensatory and/or consequential and incidental damages as permitted by law.

WHEREFORE, Plaintiff, Mary Whipperman, demands the court enter judgment in favor of the Plaintiff and against Defendant, Allstate Fire and Casualty Insurance Company, and award

compensatory and punitive damages in an amount not in excess of One Hundred Fifty Thousand Dollars ($150,000.00).

## COUNT III
### BYRON WHIPPERMAN v. ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY
### BREACH OF CONTRACT – LOSS OF CONSORTIUM

36. Plaintiff hereby incorporate by reference paragraphs one (1) through thirty-five (35) of the within Complaint as though the same were fully set forth at length herein.

37. Defendant Allstate has failed to promptly offer payment of the reasonable and fair value of the claim for underinsured motorist benefits for Plaintiff's loss of consortium.

38. Defendant has failed to reasonably investigate Plaintiff's claim for loss of consortium such that a thorough and proper inquiry would have revealed that Plaintiff suffered a significant loss caused by the aforementioned accident described in this Complaint.

39. Defendant owes Plaintiff a fiduciary, contractual and statutory obligation to investigate, evaluate and negotiate Plaintiff's underinsured motorist claim in good faith and to arrive at a prompt and fair and equitable settlement.

40. For the reasons set forth above, Defendant Allstate has violated its obligations under the policy of insurance.

41. Defendant Allstate owes Plaintiff the policy limit in underinsured motorist benefits for loss of consortium pursuant to the terms of the insurance policy which is the subject of this case and known to Defendant.

42. Despite submission of reasonable proof and demand for full and complete payment with respect to Plaintiff's aforesaid loss, the Defendant has not paid to Plaintiff all of the policy benefits to which he is entitled under the policy.

43. Defendant's denial of coverage was made without a reasonable basis in fact.

44. Defendant's refusal to indemnify Plaintiff's loss constitutes a breach of the insurance contract.

WHEREFORE, Plaintiff, Byron Whipperman, demands judgment against Defendant, Allstate Fire and Casualty Insurance Company, in an amount not in excess of One Hundred and Fifty Thousand Dollars ($150,000.00).

                                                  Respectfully,

                                                  **SWARTZ CULLETON PC**

                                    By:    /s/ Brandon A. Swartz
                                                        Brandon A. Swartz, Esquire
                                                        Maria K. McGinty-Ferris, Esquire
                                                        Attorneys for Plaintiffs,
                                                        Mary Whipperman and
                                                        Byron Whipperman, h/w

Date: September 29, 2023

## VERIFICATION

I, _____, hereby state that I am the Plaintiff in this action and verify that the statements made in the foregoing Civil Action Complaint are true and correct to the best of my knowledge, information and belief. The undersigned understands that the statements herein are made subject to the penalties of 18 Pa. C.S. 4904 relating to unsworn falsification to authorities.

*[signature]*